Next case in our call today is case number 107002. In re Ivan H. A minor. People of the state of Illinois versus Jacqueline M. And this is a one-sided case. I might add it's agenda number 13. Ms. Potts, whenever you're ready to proceed. Ms. Potts. Good morning, your honors. Diane Potts, assistant attorney general on behalf of the people of the state of Illinois. May it please the court. The appellate court below held that the corroboration requirement for a minor's past statements of abuse and neglect applicable to the adjudicatory hearings in the juvenile court was also applicable to the temporary custody hearings. Although the people do not challenge the appellate court's reversal of the neglect findings that were ultimately made by the trial court based upon the mother's failure to comply with a safety plan, the people urged this court to consider the issue as a matter of the magnitude and the immediacy of the interests involved warrant a decision and action by this court. The public interest exception applies here. All three elements have been met. First, it's a question of public nature. This case involves minors and the threshold evidentiary standards applicable to temporary custody hearings. As this court noted in Andrea F., cases involving minors and the Juvenile Court Act constitute a question of public nature. Second, we need an authoritative determination for the purpose of guiding the judges faced with the question in temporary custody hearings on a day-to-day basis. As the Cook County State's Attorney pointed out in their amicus brief, just in Cook County between January 1, 2008 and October 31, 2008, 942 temporary custody hearings were held. And as of October 15, 2008, there were over 7,700 cases pending in the Cook County Child Protection Division. The final element of the public interest exception to mootness is the likelihood that this question will reoccur. And, Your Honors, juvenile courts across this nation will face this issue on a daily basis in temporary custody hearings. So all three elements of the mootness exception have been met. I would also like to point out that the appellate court's decision reaching the evidence that was presented to the juvenile court in the temporary custody hearing itself addressed a moot issue. The trial court had progressed to an adjudicatory hearing and a dispositional hearing, and the evidence that was sufficient to make the finding of neglect should have been what was reviewed by the appellate court and only should have been what was reviewed by the appellate court. It should not have reached the issue of whether there was probable cause at the temporary custody hearing. It should have just looked at the sufficiency of the evidence at the adjudicatory and dispositional hearings. Turning to the merits, the corroboration requirement set forth in Section 184C does not apply to temporary custody hearings. The juvenile court proceedings are civil in nature, and they're guided by the provisions in the Juvenile Court Act. And in looking at the Juvenile Court Act as a whole, we see progressive burdens being imposed upon the state at each stage of the juvenile court proceedings. We see that for a police officer to take a child into custody, all that's necessary is that a reasonable suspicion of abuse and neglect appear. Within 48 hours of the child being taken into custody, there is a temporary custody hearing. And the Juvenile Court Act... Ms. Potts, within the context of this temporary hearing, does a dependent neglect finding need to be made? No, Your Honor. What the statutory language is, is the court must determine whether there is probable cause to believe that the minor is abused, neglected, or dependent. And that question then necessarily provokes the court to address the later question, which is the purpose of the temporary custody hearing, whether it's a matter of immediate and urgent necessity for the safety and protection of the minor to be removed from the parent's custody pending the adjudicatory hearing, the trial. So while these proceedings are taking place, it's a very low threshold evidentiary level established by Section 210 of the Juvenile Court Act. The General Assembly has said that at that temporary custody hearing, all witnesses present shall be examined before the court in relation to any matter connected with the allegations made in the petition. This broad directive shows that what the General Assembly was concerned about was the court being able to look at the situation within 48 hours of the child being taken into custody and make a reasonable probable cause belief as to what needs to happen while the case progresses. And then we turn, after the temporary custody hearing determination is made, then you eventually have the trial, the adjudicatory hearing, governed by the preponderance of the evidence standard and the specific evidentiary rules set forth in the statute applicable to adjudicatory hearings, Section 218. And that's where the relevant provision, Section 218-4C, comes in, and that allows in previous statements made by the mater, by the minor, relating to any allegations of abuse and neglect, allows them into evidence. And then it says, however, no such statement, if uncorroborated and not subject to cross-examination, shall be sufficient in itself to support a finding of abuse and neglect. And that makes sense in the adjudicatory hearing because that is exactly what the trial court has to do. It has to make a finding at that point based upon the evidence, based upon the restrictions of evidence, after the state has had a full opportunity to investigate and to determine, I'm sorry, to gather evidence that shows, by a preponderance of the evidence, that the minor in fact is abused or neglected. The clearest legislative intent that 218-4C doesn't apply to temporary custody hearings is the fact that the General Assembly chose not to put that corroboration requirement in the provisions that apply to temporary custody hearings. Also, you don't have, as I mentioned, in a temporary custody hearing, you don't have an actual finding of abuse or neglect. What you have is you have probable cause, which is different than supporting a finding. Ms. Potts, would you explain, I may have misunderstood you. You were talking about legislative history, and then you said, well, they didn't put this in. Is that a specific part of the legislative history you're talking about, or are you referring to kind of, I guess, something by omission?  We're looking at the different provisions in the Juvenile Court Act. It's apparent that what the General Assembly was trying to do was setting up different burdens and different admission of evidence standards at each stage of the proceeding. And the temporary custody hearing, which is the immediate hearing, which the court's got to determine the immediate and urgent necessity of the child's safety, comes within 48 hours of the child being taken into custody. So the requirement that there's corroboration doesn't apply to that immediate hearing, and the corroboration statute itself applies only when there's a finding of abuse and neglect, which is not what you're looking at in the temporary custody context. So to answer your question, I think it's indicative of the General Assembly's intent that there is no hearsay prohibition or restrictions set forth in the temporary custody section of the Juvenile Court Act. In addition to the appellate court's decision being contrary to the Juvenile Court Act, it's also contrary to the overarching purpose of that Act, which is the protection of minors. Section 1-2 of the Act, the General Assembly specifically directed that the purpose and policy is to serve and protect minors. And it instructs courts to liberally construe the Act to carry out that purpose and policy. Applying the corroboration requirements set forth in 218-4C to the temporary custody proceeding is contrary to a minor's interest. And as the amicus point out, both the Cook County Public Guardian and the Cook County State's Attorney, it simply can't be accomplished given the time frames that govern the temporary custody hearing. In conclusion, the people asked this court to reverse the appellate court's holding that the corroborative requirement set forth in Section 218-4C apply to temporary custody hearings. And the pressing need of this court's authoritative determination overrules any mootness concerns here. And the people would ask this court to reverse. Thank you, Counsel. Thank you.